(55 App. Div. 549.)

WOOD & SELICK v. VANDERVEER et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

CORPORATIONS—TRUSTEES—PERSONAL LIABILITY—BANKRUPTCY OF CORPORATION—EFFECT.

Where trustees of a corporation were personally liable for its debts, by reason of their failure to report the condition of the company, as required by Stock Corporation Law, § 30, the fact that the corporation had been adjudged a bankrupt, and that notes accepted by a majority of its creditors in discharge of its indebtedness had not fallen due, did not prevent the creditors from maintaining an action to enforce the personal liability of the trustees; such liability being created by statute, and entirely independent of the cause of action against the corporation.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Wood & Selick against Benjamin B. Vanderveer and others. From an interlocutory judgment overruling a demurrer to the answer, and from a final judgment dismissing the complaint (65 N. Y. Supp. 521), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

John Patterson, for appellant.

Charles De H. Brower, for respondents.

RUMSEY, J. This action was brought against three persons, as trustees of the Tenney Company, to enforce the liability imposed upon the directors of stock corporations by section 30 of the stock corporation law, because of the failure of the company to file the report required by that statute. The trial was had upon the issue of law raised by a demurrer of the plaintiffs to the second defense set up in the answer, and the defendants had judgment, with leave to the plaintiffs to withdraw their demurrer. That not having been done, final judgment was entered, dismissing the complaint. The appeal is from this judgment, and the notice of appeal states that the order overruling the demurrer and the interlocutory judgment will also be brought up for review. So far as the order is concerned, that cannot be reviewed, because it is not a decision from which an appeal can be taken. That, however, is a matter of no importance, as the statement in the notice of appeal that the interlocutory judgment will be brought up for review brings the whole case before us.

The Tenney Company, a domestic stock corporation organized under the laws of the state of New York, was on the 25th day of April, 1899, indebted to the plaintiffs in the sum of $2,228.81, being the balance due for goods sold to it by the plaintiffs between the 13th day of January, 1898, and the 25th of April, 1899. The defendants were directors of the company in January, 1898, and so continued down to and after the 1st day of May, 1899. No report of the condition of the company, such as is required by section 30 of the stock corporation law, was filed either in January, 1898, or January, 1899. None of the defendants had filed the certificate required by the statute to relieve him from the liability imposed for the failure of the company to file the report. The debt of the company to the plaintiffs was fully due on the 26th day of April, 1899. These facts are admitted by the defense, which was demurred to. The facts set up in that defense are that on the 6th day of June, 1899, the Tenney Company was adjudged a bankrupt in involuntary proceedings brought against it in the district court of the United States for the Southern district of New York; that it offered terms of composition to its creditors, these terms being the payment of 50 per cent. of its indebtedness (10 per cent. in cash, and the remainder in four notes, due, respectively, in 6, 9, 12, and 15 months from the date of the confirmation of the composition); that the composition was accepted by a majority of the creditors of the corporation, and was confirmed on the 12th day

of July, 1899; and that the Tenney Company had performed all
the terms of the composition on its part. The defense also alleged
that the debt of the Tenney Company to the plaintiffs was provable
against that company in the bankruptcy proceedings, and was one
from which it could have been discharged. The defense also con-
tained a statement that no portion of the indebtedness against the
Tenney Company alleged in the complaint was at the time of the
commencement of the action, or at the time of serving the answer,
due or unpaid. This action was brought on the 14th day of No-
vember, 1899, while the notes given upon the composition agree-
ment were still outstanding, unpaid, and not due.

The defendants claim that it was essential to the right of the
plaintiffs to maintain this action that there should be a debt of
the Tenney Company due and actually payable by them at the time
the action was begun, and that as there had been a composition
as to the debts of the company, including the one to the plaintiffs,
and the notes given under the composition agreement were not
yet due, the remedy of the plaintiffs upon that debt against the
Tenney Company was suspended, and this action cannot be main-
tained until these notes are due. It has been held that a plaintiff
cannot maintain such an action as this unless three things co-exist,
—the default in making the report, the fact that the defendants
were trustees, and a debt due from the company. Jones v. Bar-
low, 62 N. Y. 202. On the 1st day of June, 1899, all these things
existed, and at that time the plaintiffs had a complete cause of ac-
tion against each one of the defendants, upon which the statute
of limitations had begun to run. The debt of the Tenney Company
to the plaintiffs, which lay at the foundation of this action, has
never been paid; and the only question is whether the steps which
have been taken with respect to it in the bankruptcy proceedings
have suspended the remedy upon it, so that the right of action of
the plaintiffs upon it is postponed. The composition in bankruptcy
was confirmed on the 12th of July, 1899. The effect of that con-
firmation is prescribed by section 14 of the bankruptcy act, which
provides that the confirmation of a composition shall discharge the
bankrupt from his debts, other than those agreed to be paid by
the composition, and those not affected by the discharge. The
original debt of the company to the plaintiffs came within the pro-
visions of section 14 of the bankruptcy act. This debt having been
discharged, the bankrupt was relieved from further liability with
respect to it to Wood & Selick. What might be the result of a
failure to pay any of the notes agreed to be paid by the compo-
sition, it is not necessary to consider, because it is alleged that the
composition has been performed, and the rights of the parties are
therefore controlled by section 14 of the bankruptcy act, quoted
above. It is to be noticed that this act differs from that of 1867,
as amended in 1874, because this one contains an express provision
that a confirmation of a composition shall work a discharge of all
of the debts of the bankrupt. That condition was not contained
in the former law. Therefore when that composition had been con-
firmed the original debt of the Tenney Company ceased to exist.

It is not a case of a suspension of a remedy, but an absolute discharge of the debt. There never can be any remedy upon the original debt. The remedy of a creditor against the Tenney Company was to have payment of the composition notes, but when those notes were paid there still arose no remedy upon this original debt. So far as the creditor was concerned, he had after that time no right whatever against the Tenney Company by reason of the existence of the debt which it is sought here to recover.

But the fact that there can be no recovery from the Tenney Company makes no difference with regard to the liability of these defendants. The statute does not require, as a prerequisite to maintain this action against these defendants, that a judgment shall have been recovered against the original debtor. The sole reason why the debt from the company must be past due before this action can be maintained is that the liability of the directors is secondary in its nature, and does not come to exist until the company has made default. Until the debt is due there is a presumption that it will be paid by the company which owes it, and, until that presumption has been overthrown by the failure of the company to pay the debt, there is no reason to proceed against the directors. But, when that failure becomes a fact, then this remedy comes to exist. This debt of the company has never been paid, although the right to recover from the corporation has been taken away by operation of law. Does the taking away of that right affect the rights of the plaintiffs to recover from the directors, who are also made liable for the debt? That depends somewhat upon the nature of the liability of these directors. In a case arising under a like statute in Massachusetts, it was held that the liability of a director was in the nature of suretyship or guaranty for the original debt, and that, although the corporation had been discharged, the liability of the directors was not affected, because the statute provides that the discharge shall affect only the personal obligation of the bankrupt, and shall not in any manner affect the liability of one who is a co-debtor with, or guarantor or in any manner a surety for, the bankrupt. Bankr. Act, § 16; In re Paper Co. (D. C.) 95 Fed. 419; Id. (C. C.) 102 Fed. 872; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083. So that by the express provisions of the statute which works the discharge the plaintiffs lost no rights against these directors, if their liability is in the nature of a suretyship. But it may be said with some plausibility that their liability is in the nature of a penalty, and so the courts have held that it is barred within three years, under the provisions of subdivision 3 of section 383 of the Code of Civil Procedure, as an action upon a statute for a penalty or a forfeiture. But if that be true, and this be a penal action, the discharge of the corporation from the debt without its payment has no effect upon the right of the plaintiffs to recover from these defendants. This cause of action is created by the statute. It is operative when the debt becomes payable, and, regarding it as a penal action, the amount of the debt is simply the measure of damages which the plaintiffs are entitled to recover because of the liability imposed upon these

persons by the law. After the debt has become due, the creditors are not limited to an action against the corporation to recover it, nor is it necessary that they should begin such an action unless they see fit to do so. They can at once proceed against the directors, and can only be barred from that action by the payment of the debt by the corporation. Indeed, no reason is seen why they may not at the same time maintain an action against the corporation upon its contract liability, and another against the directors for their statute liability, although, undoubtedly, if judgments were recovered in both actions, the payment of one would work a satisfaction of the other. But the second action is entirely separate and has no connection with the other, and as the defendants here were not parties to the bankruptcy proceedings, and their liability was not in any way questioned in those proceedings, it is clear that the discharge of the bankrupt, which affected it only, and was personal to it alone, can have no effect whatever upon the right of the plaintiffs to recover against another person, whose liability for this debt is created by statute, and is entirely independent and separate from the cause of action against the company.

For these reasons, we think that the conclusion of the learned justice in the court below was not correct, and both the final judgment and the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs in this court and in the court below, with leave to the defendants to amend their answer in 20 days on payment of such costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). If the trustee paid the debt, he would have the right to be subrogated to the plaintiffs in their claim against the company, which is the foundation of the recovery. In the case at bar there is no debt which can presently be enforced against the company. I dissent, therefore.