### HOBOKEN BEEF CO. v. HAND et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. CORPORATIONS—FAILURE TO FILE REPORTS—LIABILITY OF DIRECTORS—CONSTRUCTION OF STATUTES.

Laws 1897, c. 384, p. 313, § 30, requiring corporations to file annual reports, and making directors personally liable for the corporation's debts in case the report is not filed, is a penal statute, which must be construed strictly in favor of the directors.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 1460½; vol. 44, Cent. Dig. Statutes, §§ 322, 323.]

2. SAME—TIME OF FILING.

A corporation doing a meat and poultry business within the United States and a poultry and game business in England, Canada, and Germany, and which has an agency in England, and deals with certain firms in Canada and Germany, is "doing business without the United States," within the meaning of Laws 1897, c. 384, p. 313, § 30, giving corporations doing business without the United States until the 1st day of May to make their annual report.

3. SAME—LIABILITY OF DIRECTORS—RESIGNATION.
　　Directors of a corporation, doing business without the United States, who resign prior to the 1st day of May, cannot be subjected to the liability for debts of the corporation imposed by Laws 1897, c. 384, p. 313, § 30, on directors of corporations doing business without the United States, which fail to file a report before the 1st day of May.

Appeal from Trial Term, New York County.

Action by the Hoboken Beef Company against Elmer E. Hand and others. From a judgment for plaintiff, certain defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.·

Theodore Prince, for appellants.

Fancher Nicoll, for respondent.

McLAUGHLIN, J. The plaintiff, in August, 1899, sold and delivered to the Powell Bros. Company, a domestic corporation, a quantity of meat of the value of $414.76. The corporation failed and neglected to pay the purchase price, and thereupon this action was brought, and a recovery had against the appellants, upon the ground that they were liable for such debt, inasmuch as the corporation failed to file an annual report on or after January 1, 1900. The appellants concede that the Powell Bros. Company became indebted to the plaintiff in 1899; that such debt remains unpaid; and that no report of any kind was filed either by the corporation or its directors on or after January 1, 1900. They contend, however, that, notwithstanding such fact, they are not liable for such debt, for the reason that the corporation was at the time engaged in a foreign business, and was not obliged to file a report for the year 1899 before April 30, 1900, before which time they had both ceased to be directors, and there was no obligation upon them to thereafter see that a report was made.

The statute under which it is sought to make the appellants liable is section 30 of chapter 384, p. 313, of the Laws of 1897, which reads as follows:

"Sec. 30. Annual Report. Every domestic stock corporation and every foreign stock corporation doing business within this state, except moneyed and railroad corporations, shall annually, during the month of January or if doing business without the United States, before the first day of May, make a report as of the first day of January, which shall state," etc.

Then follows a statement as to what the report shall contain. This statute, like all similar ones which impose upon directors a liability for failure to file reports, is penal in character, and as such is to be construed strictly in favor of the directors. Manhattan Co. v. Kaldenberg, 165 N. Y. 1, 58 N. E. 790; Wallace v. Walsh, 125 N. Y. 26, 25 N. E. 1076, 11 L. R. A. 166; Whitney Arms Co. v. Barlow, 68 N. Y. 34. Keeping this in mind, I do not see how the appellants can be held liable, in view of the undisputed facts set out in the record, which are that "the Powell Bros. Company did a meat and poultry business within the United States and a poultry and game business in England, Canada, and Germany"; that it

did a large business with Musson & Co., of Liverpool, England; that its secretary and treasurer went to England in 1899, and established an agency; that the corporation dealt with Thomas Derry & Co., of Montreal, and also with Ingraham & Black, of Hamburg, Germany. These facts being uncontradicted, the corporation was clearly, during the year 1899, doing business without the United States, and therefore it had until the 30th of April, 1900, in which to file its report for the preceding year. A reasonable construction is not only to be put upon the words "doing business without the United States," but such words must also be construed with reference to the object sought to be accomplished by the statute requiring corporations to file an annual report as of the 1st day of January. It appeared that each of the appellants resigned as director prior to the 21st of April, 1900. The trial court found that Elmer E. Hand was a director from the 21st of March, 1899, to the 21st of April, 1900, and that Eleanor M. Hand was a director from the 1st day of March, 1899, to the 1st day of March, 1900. At the time, therefore, that the appellants ceased to be directors, the corporation was not in default in making its report for the year 1899, and they could not be made liable because it thereafter failed to file such report. After they ceased to be directors, they could not make a report, and they were under no obligation to see that one was made. It has been held that a plaintiff cannot maintain an action of this character unless three things coexist: the default in making the report, the fact that the defendants were trustees, and a debt due from the company. Jones v. Barlow, 62 N. Y. 202; Wood v. Selick, 55 App. Div. 549, 67 N. Y. Supp. 371. On the 30th of April, 1900—the last day in which a report for the year 1899 could have been made—these three things, so far as the appellants are concerned, did not coexist, because they had ceased to be directors of the corporation. This being so, they could not be made liable for a debt of the corporation on the ground of its default in making an annual report for the preceding year.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide event. All concur.