CASE 81.—ACTION BY TIGER SHOE MFG. CO.'S TRUSTEE IN BANKRUPTCY AGAINST S. A. SHANKLIN ON BALANCE DUE ON SHARES OF STOCK IN SAID COMPANY.—May 16.

# Tiger Shoe Mfg. Co.'s Trustee v. Shanklin

Appeal from Mason Circuit Court.

J. P. HARBESON, Circuit Judge.

Judgment for defendant, plaintiff appeals. Reversed.

1. Bankruptcy—Corporations—Action by Trustee—Stockholder's Liability—Right to Sue—Ky. St. 1899, sec. 547, provides that stockholders shall be liable to creditors for the full amount of the unpaid part of stock subscribed by them; and shall be individually responsible for all liabilities of such corporation to the amount of their stock at par in addition to the amount of such stock. Held that, where a corporation became bankrupt and left debts equal to the par value of all the stocks, the corporation's trustee in bankruptcy was authorized by Bankr. Act, July 1, 1898, c. 541, sec. 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), authorizing trustees to collect and reduce to money the property of the estate, etc., to sue for and collect unpaid stock subscriptions without any assessment being made on the stockholders or authority from the bankruptcy court.

2. Same—Excess of Liability—The stockholders' excess statutory liability was not an asset of the corporation which its trustee in bankruptcy was entitled to recover, and hence the corporation's creditors were entitled to enforce the same independent of bankruptcy proceedings.

A. B. & A. D. COLE for appellant.

## POINTS AND AUTHORITIES.

1. The right of appellant to sue in this case is a necessary

Tiger Shoe Mfg. Co.'s Trustee v. Shanklin.

incident to the title which vests in him as trustee. (Lovelace on Bankruptcy, sec. 144; Dudley v. Easton, 104 U. S. 99; Chubb vs. Upton, 95 U. S., 665; Gleney vs. Langdon, 98 U. S. 20; Ins. Co. vs. Mann, 118 Ga. 381; McClanahan vs. Blackwell 119 Ga. 64; Callahan vs. Israel 186 Mass. 383; Act March 3, 1887, c. 373, par. 3, 24 Stat, 554 (U. S. Comp. St. 1901, p. 582), as re-enacted by Act August 13, 1888, c. 866, par. 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582); Sec. 1, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418); McLean v. Mayo, 7 Am. Bankr. R. 115,113, Fed. 106; Lowell on Bankruptcy, par. 295; Lane vs. Nickerson, 99 Ill. 284; Sawyer vs. Hoag, 17 Wall. 610; Upton vs. Tribilcock, 91 U. S. 45; Shockley vs. Fischer, 75 Mo. 498; Lionberger vs. Broadway, etc. Bank, 10 Mo. App. 499; Ky. Mut. Investment Co. vs. Shaefer, etc. 85 S. W. Rep. 1098.)

2. A call for payment of stock is not a condition precedent to a right of action by a trustee where a corporation's affairs are being settled in a court of bankruptcy. (Hatch vs. Dana, 101 U. S. 214; Wilber v. stockholders of Glenn Iron Works, 18 Wat. Bank. Reg, 178; S. C. 13 Phila. 479; Holmes vs. Sherwood, 3 McCrary, 405; Crawford vs. Roher, 59 Md. 599; Seymour vs. Stergous, 26 N. Y. 34.

WORTHINGTON & COCHRAN for appellee.

POINTS AND AUTHORITIES.

A Trustee in Bankruptcy has no right to bring a suit in the State courts, or other federal courts, to enforce payment of subscriptions to the capitol stock of the bankrupt corporation, without an order of the court in bankruptcy directing him to do so, and his petition must allege 'such authority. (Bankrupt Act, sec. 46; Ky. St., secs. 547, 543; Hatfield v. Cummins, 142, Ind. 350; Davis v. Ladogo Creamery Co., 128 Ind., 222; Scriven vs. Clark, 48, Ga., 41; 3 Clark & Marshall on Corporations, secs. 798d, 799a, 799b, 820a; Gleen v. Leggett, 135 U. S., 533; Glenn v. Marbury, 145 U. S., 499; Kennedy v. Gibson, 8 Wallace, 499; Scoville v. Thayer, 105 U. S., 143; Hawkins v. Glenn, 131 U. S., 319; Sanger vs. Upton, 91 U. S., 59.)

OPINION OF THE COURT BY JNO. D. CARROLL—Commissioner Reversing.

The Tiger Shoe Manufacturing Company was on

petition of its creditors adjudged a bankrupt. Afterwards the trustee in bankruptcy, without an order of the United States District Court, in which the adjudication in bankruptcy was had, authorizing or directing him so to do, and without any order of court directing the stockholders of the bankrupt corporation to pay to the trustee or into court any balance remaining unpaid on their stock subscriptions, instituted this action at law in the Mason circuit court to recover from appellee an alleged balance on shares of stock purchased by him, and also a sum equal to the amount of stock subscribed under the double-liability statute of this state. To the petition as amended, a general demurrer was sustained. Two questions are presented for our consideration on this appeal: Assuming that it is necessary, can a trustee in bankruptcy maintain a suit in a state court or in a federal court other than the one in which he was appointed, to collect a debt due the bankrupt, without an order of the bankrupt court directing him to bring such suit? And if an ordinary debt can be collected without direction of court, can the trustee proceed to recover unpaid subscriptions to the capital stock of a bankrupt corporation or to enforce the double liability statute without any call having been made therefor by the board of directors or by the bankrupt court?

Section 547 of the Kentucky Statutes, edition of 1899, which contained the law applicable to the question we are considering, provided in part that: "The stockholders of each corporation shall be liable to creditors for the full amount of the unpaid part of stock subscribed for by them—the stockholders of corporations * * * shall be individually responsible equally and ratably and not one for the other for

all contracts and liabilities of such corporation to the
extent of the amount of their stock at par value in
addition to the amount of such stock." Bankruptcy
Act July 1, 1898, c. 541, section 47, 30 Stat. 557 (U.
S. Comp. St., 1901, p. 3438, reads as follows:
"Trustees shall respectively account for and pay
over to the estates under their control all interest
received by them upon property of such estates,
collect and reduce to money the property of the
estates for which they are trustees under the direc-
tion of the court, and close up the estates as expedi-
tiously as is compatible with the best interests of the
parties in interest." In Loveland on Bankruptcy, p.
429, it is said: "In the course of the administration
of an estate in bankruptcy, the trustee may be obliged
to resort to suit for the purpose of collecting or
reducing to money the property of the estate for
which he is trustee, or for the purpose of reclaiming
or recovering property or the value of such prop-
erty as has been fraudulently conveyed, or to set
aside a fraudulent preference. That the trustee has
authority to bring and prosecute such suits cannot be
questioned. It is not necessary for him to apply to
the court for leave to institute such suits. It is his
duty to invoke the court of justice for these pur-
poses, if he cannot obtain possession of the assets
in any other way. And under the statute now in
force suits by the trustee may be brought either in
the state or the federal court." In 5 Cyc. p. 339,
the rule is announced and supported by ample
authority: "That the trustee represents the bank-
rupt debtor as the custodian of all of his property
not exempt, and he represents the creditors of such
bankrupt in that he is to gather from every source
the property of the debtor, protect and dispose of the

same to the effect that their interest may be preserved and their claims paid. He succeeds to all the interests of the bankrupt, becomes in effect the owner of his property and subject to his accountability to the court holds absolutely the title to such property.'' In Re Arthur E. Smith, 9 Am. Bankrupt Rep., 603, 121 Fed., 1014, the court said, in speaking of the powers of a trustee: ''A trustee in bankruptcy is defined by the bankrupt act as an officer, and is in a certain restricted sense an officer of the court, but he is not an officer of the court in any such sense as a receiver. He takes the legal title to the property and in respect to suits stands in the same general position as a trustee of an express trust or an executor.'' In Traders' Ins. Co. v. Mann, decided by the Supreme Court of Georgia, and reported in 11 Am. Bankr. Rep., 270, 118 Ga., 381, 45 S. E. 426, the court said: ''The duties of a trustee in bankruptcy are fixed by statute. They shall collect and reduce to money the property of the estates for which they are trustees—words as fully warranting him to sue as an administrator with the same power and duty. The fact that this is to be under the direction of the court no more requires a preliminary order to sue than it would necessitate a special order to authorize him to go in person and present a note and demand payment. The money when collected after suit or without suit, and the use to be made thereof, was to be under the direction of the court; but, being bound to collect, he was not obliged to secure a special order to bring a suit necessary to collect. As to action by or against the bankrupt pending at the time of the adjudication, the act requires him to obtain instructions from the court before intervening; but the express requirement that

he must obtain an order in such instances, while being silent as to the necessity therefor, in cases like this, is conclusive that special permission was not necessary where he had to sue in order to collect a debt due the estate.''

The provisions of the bankruptcy act before cited fully sustain the authorities in declaring that the trustee may, without an order of court or other direction, institute suits for the purpose of collecting and reducing to money the property of the estate for which he is trustee. Conceding that as to ordinary debts the trustee may, in the absence of an order of court, proceed by suit, it is maintained that when it is sought to recover from a stockholder his unpaid subscription, or to enforce his double liability, an order of court is necessary. It must be kept in mind that the corporation in which appellee was a stockholder had become insolvent and was adjudged a bankrupt. Its corporate functions were at an end. Its assets and liabilities had been transferred to the trustee, to be administered in the bankrupt court for the benefit of its creditors. The corporation, after its adjudication in bankruptcy, had no right or authority to collect debts, bring suits, or do any other acts that it might have performed as a going concern. The right to collect debts due it passed to the trustee, and he became invested with all the powers necessary to take its place in securing and collecting assets that it might have enforced the collection of before it became a bankrupt. If it be conceded, as it must be, that the trustee without an order of court may sue to enforce the collection of ordinary debts due the corporation for the benefit of its creditors, we are unable to perceive why he may not sue to enforce the collection of the unpaid subscriptions from stock-

holders. In every instance the trustee is acting in the interest of and for the benefit of the creditors. Whether the suit be on an open account or a promissory note, or to collect an unpaid subscription, the creditors are the beneficaries. The trustee is representing them in his official capacity—representing not one, but all of them. Whatever assets he succeeds in securing goes to them. The stockholder in a bankrupt corporation, who has not paid for the stock subscribed, owes the balance of his subscription, and this, under the statute, he may be required to pay. It is a debt due by the stockholder to the creditors, a trust fund for their benefit, and, like any other debt due the corporation, it passed into the bankrupt court and through it to the trustee. Clark & Marshall on Private corporations, vol. 3 section 799; Loveland on Bankruptcy, section 168.

Where the assets of an insolvent corporation are not sufficient to satisfy the liabilities, and it is necessary to proceed against the shareholders, the court must fix the amount due by each shareholder before suit can be instituted by the receiver or trustee, when it is not necessary to collect the whole amount that each shareholder might be required to pay, and a partial assessment will satisfy the debts; but, where the total amount which is due and payable from all the shareholders is not more than sufficient to pay the debts of the corporation, no previous assessment, either by the directors or by a court of equity, is necessary as a prerequisite to the bringing of an action at law by the assignee of the corporation against the shareholder for his unpaid balance. If, however, the total amount due by the shareholder would, if collected, be more than sufficient to pay the corporate debts, either an assessment by the direc-

tors of the necessary amount or an order of court is necessary as a preliminary to the right to sue. 10 Cyc. p. 732; Clark & Marshall on Private Corporations, vol. 3, section 799. Here, the petition to which the demurrer was sustained averred that it was necessary to collect the full amount of unpaid subscriptions due from the stockholders to defray the debts of the corporation. Hence it was not necessary that the court should make an assessment, as it would require the full amount due by appellee as a share-holder to satisfy the corporate debts. If it was not only necessary to exact from appellee a portion of the amount due by him, then an assessment by the court of the amount would be a prerequisite, as in the absence of such an assessment neither the trustee nor the shareholder could know what amount it was necessary to collect or receive.

The objection that the trustee had not been authorized by or obtained the consent of the court is purely technical, and, in the absence of any statute or line of adjudications forbidding such action by the trustee, we are not disposed to sustain it. The shareholder has the right to show by answer any good reason why the trustee should not proceed against him, and, if he desires to make meritorious defense to the efforts to require him to pay his unpaid subscriptions, can do so in a pleading. The only question before us on this appeal is the technical and legal right of the trustee to maintain the action to recover unpaid subscriptions, and in this character of proceeding a technical defense interposed by a delinquent shareholder to defeat or obstruct the rights of creditors will not be viewed with favor. The liability for unpaid subscriptions is to and for the benefit of the creditors of the corporation who have the

right to demand that shareholders, when necessary to satisfy their claims, shall discharge the full liability imposed by the state. The shareholder undertakes to do this as a part of his contract of subscription, and, when the corporation makes an assignment or becomes bankrupt, the assignee or trustee acting in the interest of and for the benefit of creditors may proceed, in a state of case like the one at bar, to exact from the shareholder the amount due, when it is necessary to discharge the liabilities of the corporation. This right of action is expressly conferred by section 21 of the Civil Code of Practice, providing that: "A personal representative, guardian, curator, committee of a person, of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining the person for whose benefit it is prosecuted."

All the authorities recognize a marked distinction between the powers of a trustee in bankruptcy and a receiver appointed by the court; it being generally conceded that the latter cannot sue without direction of court given generally in the order of appointment or specially conferred. Clark & Marshall on Private Corporations, section 799; Am. & Eng. Ency. of Law, vol. 23, p. 1122. There is, however, a difference between the right to recover unpaid subscriptions and the right to enforce the double-liability statute. The obligation on the part of the shareholder to pay for the stock subscribed for by him is a direct undertaking upon his part, and the unpaid subscriptions are a trust fund for the benefit of the creditors; whilst his liability for an amount equal to the value of his

stock is a collateral or secondary obligation, in the nature of security, and the bankrupt act, as amended in 1903 (Act Feb. 5, 1903, c. 487, sec. 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683]), provides that: "The bankruptcy of a corporation shall not release its officers, directors or stockholders as such from any liability under the law of a State or Territory or of the United States." It will thus be seen that the fact that the corporation is adjudged a bankrupt does not relieve the stockholders from the individual or double liability imposed by the statute. This liability cannot be enforced by the corporation. It is not a corporation asset, nor a part of the estate of the corporation, and hence does not pass to the trustee, but remains subject to the demands of the creditor if the assets of the corporation are insufficient to discharge his debt. And this individual liability the creditor may proceed to enforce, wthout joining the trustee, and without regard to the act of bankruptcy. Loveland on Bankruptcy, sec. 168; Old Colony Boot & Shoe Co. v. Parker, Sampson & Co., 183 Mass. 557, 67 N. E. 870; Wood & Selick v. Vanderveer, 55 App. Div. 549, 67 N. Y. Supp. 371.

We therefore conclude that the trustee in bankruptcy may, without any order or direction of the court, proceed to enforce the collection of debts due the bankrupt, and the unpaid subscriptions of the stockholders in a bankrupt corporation; but that he cannot maintain an action to recover from a stockholder the individual liability imposed by the statute.

Wherefore, the judgment is reversed for proceedings in conformity with this opinion.