FIRESTONE TIRE & RUBBER CO. v. AGNEW et al.

(Supreme Court, Appellate Division, First Department.   November 6, 1908.)

1. CORPORATIONS (§ 261*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—ACTION — CREDITORS' SUIT — CONDITION PRECEDENT—JUDGMENT AGAINST CORPORATION.

    Corporation Law (Laws 1890, p. 1066, c. 564) § 54, as amended by Laws 1901, p. 971, c. 354, imposes a personal liability on stockholders for corporate debts contracted while they held the stock, to the amount not fully paid on the stock; section 55 (Laws 1892, p. 1841, c. 688) provides that no action shall be brought against such stockholder until judgment has been recovered against the corporation and execution returned unsatisfied, in whole or in part; and the federal bankruptcy act (Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]) provides that the bankruptcy of a corporation shall not release stockholders from liability under state laws.  A corporation was discharged in bankruptcy of all its debts, including the debts of plaintiff creditors, and a receiver appointed, and an order entered restraining any proceedings against the corporation or its property; but thereafter the bankruptcy court permitted plaintiff to sue on its claim against the corporation; but before plaintiff prosecuted its suit to judgment a composition agreement with other creditors was ratified and the bankrupt discharged.  Plaintiff claimed that it was prevented from securing judgment by the bankrupt's discharge, and, even if judgment could be had, execution thereon would have been useless, so that it should be permitted to go against the stockholders without taking those steps.  No application was made by the bankrupt to serve a supplemental answer setting up its discharge as a defense to plaintiff's action.  *Held*, that plaintiff was not excused from prosecuting its action to judgment and execution, as required by section 55, since the bankrupt could not have interposed a supplemental answer pleading its discharge in bar without permission of the court, which permission would be refused where manifest injustice would result, and hence it could not go against the stockholders on their individual liability.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1016, 1017, 1019, 1020; Dec. Dig. § 261.*]

2. CORPORATIONS (§ 261*) — STOCKHOLDERS — PERSONAL LIABILITY—ACTIONS—CONDITIONS PRECEDENT—RETURN UNSATISFIED.

    If the issuance of an execution on plaintiff's judgment, when secured, or the levy under the execution, if issued, on the corporate property, had been restrained by an order of court, such order would be equivalent to a return unsatisfied, and plaintiff could then go against the stockholders under the statute.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1020; Dec. Dig. § 261.*]

    McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Suit by the Firestone Tire & Rubber Company, on behalf of itself and other creditors, against George B. Agnew and others.  From an interlocutory judgment dismissing the complaint, plaintiff appealed.  Affirmed, with leave to amend.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William M. Bennett, for appellant.
Franklin Pierce, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOUGHTON, J. The action is brought by the plaintiff as an alleged creditor of the Vehicle Equipment Company, in its own behalf and in behalf of other creditors similarly situated, against the holders of the capital stock of that corporation, to charge them with its debts to the amount unpaid on the stock of the corporation held by them. The complaint contains allegations respecting the indebtedness which became due within the prescribed two years, formation of the corporation, the amount of stock held by the various defendants, and the amount unpaid thereon, and further sets forth that after plaintiff's claim became due, and on the 27th of March, 1906, an involuntary petition in bankruptcy was filed against the Vehicle Equipment Company, and that it was adjudged a bankrupt, and thereafter made an offer of composition to its creditors, which offer being accepted by the requisite number of creditors, this plaintiff refusing, resulted in a decree of the bankruptcy court discharging the bankrupt from its debts on compliance with the terms of the composition agreement; that the agreement was complied with, and the bankrupt corporation discharged from all its debts, including the debt of this plaintiff. The complaint further alleges that in the bankruptcy proceeding a receiver was appointed, and an order entered that until the further order of the court the creditors of the corporation be restrained from interfering with the possession of the receiver, or from entering judgment against the alleged bankrupt, or taking any legal steps against it, save to review or vacate such order; that after the making of that order, and before the offer of composition was made by the bankrupt to its creditors, this plaintiff, on application to the bankruptcy court, obtained an order permitting it to bring action and obtain judgment on its claim, which action was brought, and issue joined therein; "that before the plaintiff could bring said action to trial and recover judgment thereon the composition agreement was ratified by the bankruptcy court, and the bankrupt discharged from its debts." As an excuse for not prosecuting its claim to judgment and the issuing of execution thereon against the bankrupt corporation, the complaint alleges:

"That by reason of said offer of composition, and its acceptance by the majority of creditors, and its confirmation by the court, the said Vehicle Equipment Company has been discharged from all its debts, including the debt of the plaintiff hereinbefore set forth, and the action of the plaintiff hereinbefore mentioned, begun in the Supreme Court of the state of New York to recover judgment against the said corporation, has heretofore been terminated by the operation and effect of the bankruptcy law of the United States, and the claim of the plaintiff has had an end put to it as against the corporation, and the procuring of judgment by the plaintiff against the said Vehicle Equipment Company on its said claim has been rendered impossible by the paramount law of the United States, put in operation by persons other than the plaintiff, to wit, the corporation, composed of the defendants and controlled by the defendants, its stockholders, and any further proceedings by the plaintiff in its said action in the state court against the corporation have become not only legally impossible, but, if possible, would be fruitless, and the plaintiff in good faith attempted to obtain payment from the said Vehicle Equipment Company, and has exhausted its remedies with regard thereto."

The principal ground of demurrer by the defendants is that the complaint does not state facts sufficient to constitute a cause of action,

in that it fails to state recovery of judgment against the corporation and the return of an execution thereon unsatisfied, or any facts showing inability to obtain such judgment. The learned Special Term held the complaint to be fatally defective in this respect, and the plaintiff appeals.

Section 54 of the corporation law (Laws 1890, p. 1066, c. 564, amended by Laws 1901, p. 971, c. 354) provides that every holder of capital stock not fully paid in any stock corporation shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was so held; and section 55 (Laws 1892, p. 1841, c. 688) provides that no action shall be brought against such stockholder for any debt of the corporation until judgment therefor shall have been recovered against the corporation and the execution issued thereon returned unsatisfied in whole or in part, and that the amount due on such execution shall be the amount recoverable, with costs, against the stockholder. The facts set forth in the complaint show no insurmountable obstacle against the plaintiff obtaining judgment against the corporation, and no reason why it should not comply with the condition precedent to bringing action against the stockholders, prescribed by section 55 of the corporation law.

After the bankruptcy proceedings were instituted plaintiff obtained permission from the bankruptcy court to bring, and did bring, action against the corporation. The complaint does not state the form of the answer interposed; but it was assumed on the argument and is manifest that, in order to defeat plaintiff's claim in that action on the ground of its discharge in bankruptcy, the corporation must obtain leave to file a supplemental answer setting up such discharge. It has no absolute right to serve a supplemental answer, and permission must be granted by the court before it can do so, and it is the practice of the courts to refuse leave to serve supplemental answer setting up discharge in bankruptcy where manifest injustice will be wrought by allowing such defense. Holyoke v. Adams, 59 N. Y. 233; Latimer v. McKinnon, 72 App. Div. 290, 76 N. Y. Supp. 40; King v. Block Amusement Co., 126 App. Div. 48, 111 N. Y. Supp. 102; Id., 125 App. Div. 922, 109 N. Y. Supp. 1151, affirmed 192 N. Y. ——, 86 N. E. ——. No application to serve a supplemental answer setting up discharge in bankruptcy has been made, and no order granted, and there was no reason, therefore, why the plaintiff could not prosecute its claim, if it had any, against the corporation to judgment.

In United Glass Company v. Vary, 152 N. Y. 121, 46 N. E. 321, the Court of Appeals exhaustively discussed the question as to when a creditor, seeking to hold a stockholder liable for the debt of his corporation, was excused from first obtaining judgment and issuing execution against the corporation, and concluded that he was excused therefrom (1) where the corporation had been dissolved by judicial decree; (2) where by final judgment in an action for sequestration a perpetual injunction had been issued restraining suits by creditors; and (3) where, by statute, such suits are prohibited. In that case a receiver of a corporation had been appointed, and an order made restraining creditors from commencing or prosecuting actions, and

it was held that it was the duty of the creditor to obtain a modification of the order permitting him to bring his action, and it was no excuse for his not obtaining judgment that he acquiesced in an order which the court would undoubtedly modify in his behalf. Andrews, C. J., in the course of his opinion, says:

"It is not a vain thing, as respects the stockholder sued, that the plaintiff should establish as against the corporation by judgment its liability, although its assets were in the hands of a receiver. If in such an action the plaintiff failed to establish his claim, and judgment should go against him, it would end any claim against the stockholders."

This court, in Gause v. Boldt, 115 App. Div. 897, 100 N. Y. Supp. 1117, affirming an opinion below 49 Misc. Rep. 340, 99 N. Y. Supp. 442, affirmed 188 N. Y. 546, 80 N. E. 566, held that an action against stockholders would not lie in the absence of judgment, even though the creditor prosecuted his action against the corporation with diligence, and was prevented, notwithstanding his vigilance, from obtaining judgment within the two-year limitation because of various motions and demurrers interposed and the congestion of the court calendar.

It is not an answer to say that the corporation was discharged from its debts by the bankruptcy proceeding, and therefore no judgment could be entered against it, or should not be entered against it. The bankruptcy law prescribes that the bankruptcy of a corporation shall not release its officers, directors, or stockholders as such from any liability under the laws of a state or territory of the United States. Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423). This court recently held, in King v. Block Amusement Co., 126 App. Div. 48, 111 N. Y. Supp. 102, that it would not permit an attachment to be vacated, where an undertaking had been given to release the attached property from levy, because the creditor had a right to obtain his judgment for the purpose of fixing the liability of the surety, notwithstanding the bankruptcy of the principal debtor. In a sense, therefore, while the corporation was relieved from paying the debt, the claim against it for certain purposes survived.

Nor is it any answer to say that, if judgment had been obtained, execution could not have been issued against the corporation, or have been collected out of its after-acquired property. If the court should restrain the issuing of an execution, the plaintiff then would have met an insurmountable obstacle and been excused; and if the court, after the issuing of the execution, had restrained its collection from property of the corporation, such an order would be equivalent to a return unsatisfied. The plaintiff refrained from doing what it might have done to obtain judgment against the corporation, and the facts pleaded show no excuse for not complying with the condition precedent upon which the liability of the stockholder attaches.

The interlocutory judgment should be affirmed, with one bill of costs, with leave to the plaintiff to amend, upon payment of costs of this court and of the court below. All concur, except McLAUGHLIN, J., who dissents.

McLAUGHLIN, J. (dissenting).  I am unable to agree with the other members of the court that the judgment here appealed from should be affirmed.  In Wood & Selick v. Vanderveer, 55 App. Div. 549, 67 N. Y. Supp. 371, this court held that the confirmation of the composition in bankruptcy discharged a bankrupt from his debts under section 14 of the bankruptcy act.  Mr. Justice Rumsey, who delivered the opinion of the court, said:

"The original debt of the company to the plaintiff came within the provisions of section 14 of the bankruptcy act.  This debt having been discharged, the bankrupt was relieved from further liability with respect to it to Wood & Selick.  What might be the result of a failure to pay any of the notes agreed to be paid by the composition it is not necessary to consider, because it is alleged that the composition has been performed, and the rights of the parties are, therefore, controlled by section 14 of the bankruptcy act, quoted above. It is to be noticed that this act differs from that of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), as amended in 1874 (Act June 22, 1874, c. 390, 18 Stat. 178), because this one contains an express provision that a confirmation of a composition shall work a discharge of all of the debts of the bankrupt.  That condition was not contained in the former law.  Therefore, when that composition had been confirmed, the original debt of the Tenney Company ceased to exist. It is not a case of a suspension of a remedy, but an absolute discharge of the debt.  There never can be any remedy upon the original debt.  The remedy of a creditor against the Tenney Company was to have payment of the composition notes, but when those notes were paid there still arose no remedy upon this original debt.  So far as the creditor was concerned, he had after that time no right whatever against the Tenney Company by reason of the existence of the debt which it is sought here to recover."

In the case now before us, therefore, after the composition was confirmed, the plaintiff could no more enter judgment against the Vehicle Equipment Company than if it had been paid its claim in full. It is true it had commenced an action against the latter company by permission of the bankruptcy court; but when the composition agreement was confirmed, and the plaintiff had received its dividend, the debt, so far as the Vehicle Equipment Company was concerned, was extinguished, and there remained no liability which could be enforced against the company by reason of it.  The plaintiff would have had no more right to enter judgment, even though the fact of the composition was not set up by supplemental answer, than it would, had it brought an action upon a promissory note, and after the summons and complaint had been served the defendant had paid the note in full, with costs, instead of interposing an answer.  The debt being discharged, the right to take a judgment against the debtor was extinguished; and, had judgment thereafter been entered, I do not see how the court could have avoided vacating it if a motion were made for that purpose.  But although the debt, so far as the company was concerned, was extinguished, its stockholders were not thereby released from the liability imposed by section 54 of the stock corporation law.  Bankruptcy act, § 4b, as amended; Hardman v. Sage, 124 N. Y. 25, 26 N. E. 354; Wood & Selick v. Vanderveer, supra.  Their liability became fixed before the debt was extinguished, and under the provisions of the bankruptcy act was not affected by the bankruptcy proceedings.

If the conclusion be correct that the debt itself, so far as the company was concerned, was extinguished, then the complaint in the

case at bar states a cause of action, since the performance of the condition precedent, the recovery of a judgment against the corporation and the issuance of an execution thereon returned unsatisfied, had become impossible by operation of law. Shellington v. Howland, 53 N. Y. 371; Kincaid v. Dwinelle, 59 N. Y. 548; United Glass Co. v. Vary, 152 N. Y. 121, 46 N. E. 312; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966. In the original action the corporation, by setting up the discharge in bankruptcy in a supplemental answer, could have prevented the performance of the condition precedent, and it seems to be conceded that the plaintiff would then have been entitled to maintain this action; but it is suggested that the court might deny the defendant the right to set up such fact by supplemental answer, so as to enable the plaintiff to go through the idle ceremony of obtaining a judgment, well knowing when it did so that nothing could be collected thereon. All the property which the corporation had prior to the composition had been turned over to and accepted by its creditors, and property acquired after such composition could not be reached by an execution issued on such judgment. The purpose of a judgment is to accomplish something real, something substantial, and not something mythical or misleading. Such judgment, had it been obtained, would have accomplished nothing, so far as in fact establishing liability on the part of the corporation, because there would have been no incentive to the corporation to defend, inasmuch as there was then no property which could have been reached by execution. The only purpose of the statute requiring a judgment and execution against the corporation is to compel a creditor to prove his claim and first to exhaust his remedies against the corporation itself. Here the purpose was accomplished when the composition was confirmed by an order of the court. That was an adjudication that it had no property which could be reached by execution. Upon the facts set out in the complaint it was unnecessary for the plaintiff, before bringing this action, to obtain a judgment against the corporation, issue execution thereon, and have the same returned unsatisfied.

For these reasons I think the interlocutory judgment appealed from should be reversed, and the demurrers overruled, with leave to the defendants to withdraw their demurrers and answer, on payment of costs in this court and in the court below.