[No. 1853, July 17, 1916.]
CLAPP v. SMITH et al.

## SYLLABUS BY THE COURT.

The statutory added liability of holders of corporate shares of stock, in addition to the par value thereof, is not a corporate asset, but a secondary or collateral liability flowing directly to and to be enforced by creditors, and the receiver, assignee, or trustee of an insolvent corporation cannot, in the absence of express statutory authority, recover it.

Appeal from District Court, Dona Ana County; E. L. Medler, Judge.

Action by Lafayette Clapp, as receiver of the First State Bank of Las Cruces, an insolvent corporation, against T. R. H. Smith and others. From a judgment for defendants, plaintiff appeals. Affirmed.

WADE, TAYLOR & WADE and W. H. H. LLEWELLYN, all of Las Cruces, for appellant.

The receiver of insolvent bank is proper party to bring the suit.

Sec. 462, Code 1915; sec. 86, c. 67, L. 1915; Jones v. Rankin, 140 Pac. (N. M.) 1120; Cook on Stocks & Stockholders, sec. 218; High on Receivers, sec. 317a; Cushing v. Perot, 52 A. S. R. 834, 34 L. R. A. 737; Walsh v. Shanklin, 31 L. R. A. (N. S.) 365, note; 7 R. C. L. 389; 23 A. & E. Law, 1075; 34 Cyc. 397; Wilson v. Book, 43 Pac. 939; Smathers v. Western Carolina Bank, 47 N. E. 893.

YOUNG & YOUNG of Las Cruces, for appellees.

Receiver had no power to bring suit.

Jones v. Rankin, 140 Pac. 1120; sec. 96, c. 79, L. 1905; High on Receivers, 5, 8.

Appointment of receiver did not change right of action.

Cushing v. Perot, 34 L. R. A. 737; Abbey v. Grimes, 187 U. S. 47.

In some states right of receiver depends on whether stockholder's liability is corporate asset.

34 Cyc. 397; Steinke v. Loofbourrow, 54 Pac. 120; Zang v. Wyant, 56 Pac. 565; Runner v. Dwiggin, 46 N. W. 580, 36 L. R. A. 645; Wigdon v. Bosler, 102 Fed. 70 (72); Evans v. Nellis, (U. S.) 47 L. Ed. 173; Jacobson v. Allen, 12 Fed. 454.

No necessity exists for thrusting bank or receiver between the creditors and stockholders.

Thompson Corps., sec. 3560; 20 A. & E. Enc. L. 1042; Zane on Banks & Banking, sec. 65; Arenz v. Weir, 89 Ill. 25; Magee on Banks and Banking, sec. 64; Abbey v. Grimes, etc., 24 Pac. 426; Evans v. Nellis, 187 U. S. 47; High on Receivers, sec. 317a; Walsh v. Shanklin, 31 L. R. A. (N. S.) 365; 1 Cook, Stockh. & Corp. Law (3d ed.) sec. 218; 3 Thomp. Corp., sec. 3098; Jacobson v. Allen, 12 Fed. 454; Terry v. Little, 101 U. S. 216; 2 Mor. Priv. Corp. (2d ed.) sec. 869; Wincock v. Turpin, 96 Ill. 135; Umsted v. Buskirk, 17 Ohio St. 113; Farnsworth v. Wood, 91 N. Y. 308.

### STATEMENT OF FACTS.

The appellant, as plaintiff in the district court of Dona Ana county, brought this action as the receiver of the First State Bank of Las Cruces, an insolvent corporation, against the defendants, as the stockholders of said bank, to enforce their added liability as declared by section 403 of the Codification of 1915. A demurrer was interposed to the complaint upon the grounds that the complaint did not state a cause of action, in that it is not shown that the several amounts alleged to be due from the stockholders are assets of said corporation, subject to administration by the plaintiff as receiver of said bank; that so far as liability exists, it is to and for the exclusive benefit of the creditors of said bank; and in the absence of express statutory authority conferring the right upon the

plaintiff, as receiver, he cannot maintain his action against the defendants; that it is not alleged in the complaint that the several and respective amounts due from the defendants, as stockholders, have been determined or ascertained by any judicial proceeding. The trial court sustained the demurrer and dismissed the complaint, from which judgment this appeal is prayed.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The only question raised by the demurrer which we are called to pass upon is whether or not the receiver is the proper person to bring the suit. The act defining stockholders' liability appears as section 403 of the Codification of 1915, and provides that stockholders of every banking corporation shall be individually liable for all debts contracted, during the term of their being stockholders of such corporation, equally and ratably to the extent of their respective shares of stock in such corporation. This statutory provision is what is generally denominated as a statutory added liability of stockholders. It would seem to be quite clear that if this added liability of stockholders is an asset of the corporation, the receiver of such corporation, when insolvent, should be authorized to enforce the liability. If, on the contrary, the added liability of stockholders is a provision for the benefit of creditors and not to be considered an asset of the corporation, the creditors only would have the right of action and be entitled to enforce the so-called added liability. It is said by Mr. High in his work on Receivers (4th ed.) 317a, that:

"The authorities are not wholly reconcilable as to the right of a receiver of a corporation to maintain an action in behalf of its creditors, to recover of shareholders an individual or additional liability, imposed by charter or statute upon shareholders for the protection of creditors."

An interesting discussion of the question is to be found in the case of Jacobson, As Receiver, v. John Allen et. al. (C. C.) 12 Fed. 454, 20 Blatchf. 525, where it is pointed out that the receiver of an insolvent corporation

makes his title through the corporation, and cannot, through his appointment, acquire that which the corporation never had. The court, in the case referred to, pointed out that the liability of the stockholders to creditors is to be regarded as a collateral statutory obligation of the shareholders for the benefit of the creditors, by which the former becomes sureties to the latter for the debts of the corporation. The liability by our statute is expressly declared to be for all debts contracted, and is obviously for the benefit of the creditor, and cannot be deemed an asset of the corporation. The corporation, therefore, not being entitled to invoke the statutory right, we cannot see by what construction the receiver could claim to be entitled to claim a right or remedy not existing in the corporation itself. While, as pointed out by Mr. High, the authorities are not uniform in passing upon the right here contended for, yet the great weight of authority is against the right.

In the case of Walsh, Trustee, v. Shanklin, 125 Ky. 715, 102 S. W. 295, 31 L. R. A. (N. S.) 365, a large number of cases are collected and referred to as sustaining the rule that the statutory added liability of holders of corporate shares of stock, in addition to the par value thereof, is not a corporate asset but a secondary or collateral liability flowing directly to and to be enforced by creditors, and the receiver, assignee, or trustee of an insolvent corporation cannot, in the absence of express statutory authority, recover it. See, also, 7 R. C. L. § 373; Cook on Corporations (7th ed.) § 218.

It is apparently contended by appellant that because in this state, under the provisions of section 462 of the Codification of 1915, a receiver is appointed for insolvent banks to wind up the business and affairs thereof, for the benefit of its depositors, creditors, and stockholders, therefore his right to represent the creditors is to be inferred, and as a result statutory authority exists authorizing the receiver to institute a suit such as the one under consideration for the purpose of recovering the added liability of stockholders. We do not consider that such is the case. The character of statutory authority referred

to in the decisions is such as is to be found in the new banking act of 1915, wherein section 86 of chapter 67 provides that no creditor shall maintain any action to recover upon stockholders', officers', or directors' liability while a bank is in the possession of the receiver, but such stockholders', officers', and directors' liability shall be deemed an asset of said insolvent bank, and such receiver shall have the sole and exclusive right to maintain such action. In this connection it is contended by appellant that the latter provision of the Code of 1915 is a declaration by the Legislature of the rule as it theretofore existed in this jurisdiction. It could just as well be argued that the last declaration of the Legislature in the act of 1915 evidences an intention on the part of the Legislature to correct an existing condition and afford a remedy or right not theretofore existing as it can be argued that the provision of the act is a declaration by the Legislature of the rule as it had existed, for which reason we do not find merit in this contention of appellant. The act of 1915 was passed after the complaint in this cause had been filed and therefore has no bearing upon this case save as it might be urged, as is here done, that it is declaratory of the former rule in this jurisdiction, with which we cannot agree.

For the reasons stated, we conclude that the judgment of the district court must be affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.