No. 18,350.

CARPENTER PAPER COMPANY *v.* W. E. NOBLE, ET AL.
(345 P. [2d] 781)

Decided October 26, 1959.   Rehearing denied November 16, 1959.

. Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for plaintiff in error.

Mr. AUSTIN HOYT, Mr. JOHN F. GALLAGHER, for defendants in error Noble.

Mr. Mervin A. Ziegler, for defendant in error Margaret Morast.

*In Department.*

Opinion by Mr. Justice Day.

The parties are in this court in the same order as they appeared in the trial court, and we will so refer to them.

Plaintiff brought suit against the individual defendants as officers and directors of a corporation upon their statutory liability for failure to file an annual report. C.R.S. '53, 31-7-15. The cause was determined by the trial court on questions of law presented upon undisputed facts. Judgment was entered in favor of all of the defendants and against plaintiff.

The corporation of which the defendants were directors incurred the debt to plaintiff in the calendar year 1953, in the month of April. In the following July defendant Margaret Morast's resignation was accepted by Noble, Inc. On December 31 of the same year defendant William E. Noble resigned. Defendant Lillian E. Noble did not resign at any time. The corporation was adjudicated bankrupt on March 8, 1954. Default occurred for failure to file the annual report of the corporation required by statute on March 15, 1954.

FIRST QUESTION TO BE DETERMINED.

*Does the resignation of corporate officers in the calendar year prior to the date the annual report is in default under C.R.S. '53, 31-7-15, operate to relieve such officers of their statutory liability for failure of the corporation to file the required report?*

This question is answered in the affirmative.

The doctrine that an officer or director is not personally liable for a corporation's debts for failure to file annual report if he resigns his position prior to the date the report is due is one repeatedly approved by courts and text writers. 13 Am. Jur., page 1009, section 1073;

5 Fletcher Cyc. Corporations, Permanent Edition, 1952 Revised Volume, section 2280, page 954; 19 C.J.S., page 318, section 895 (d); *Hoboken Beef Co. v. Hand, et al.,* 104 App. Div. 390, 93 N.Y. Supp. 834. The New York statute and other statutes treated by the text writers are similar to that of Colorado. The rationale of the rule is that having severed his relationship with the corporation the director thereafter has no power to perform the duties imposed by the statute and cannot justly be held for defaults committed by others who continue on or come after him. It appears to be a more reasonable construction of the statute to limit liability to those officers actually chargeable with neglect of duty. In this case the defendant Lillian E. Noble is the only one in that position, and the other two were rightly held not liable by the court.

SECOND QUESTION TO BE DETERMINED.

*Does the filing of a petition in voluntary bankruptcy by the corporation at a date prior to that on which the corporation must file its annual report operate to exonerate the directors then in office from the statutory liability?*

This question is answered in the negative.

In the case at bar the petition was filed on March 6 and adjudication of bankruptcy was made on March 8. The date of the default for failure to file the annual report occurred seven days later. The corporation was still in existence, and its business affairs were not turned over to the trustee in bankruptcy until March 30.

█ Section 4 (b) of the Bankruptcy Act (U.S. Code Title 11, chapter 3, section 22) provides:

" * * * The bankruptcy of a corporation shall not release its officers, the members of its board of directors or trustees or of other similar controlling bodies, or its stockholders or members, as such, from any liability under the laws of a State or the United States. * * * "

█ The director Lillian E. Noble is not released from the liability imposed by the laws of Colorado under this

section. The filing of bankruptcy proceedings did not relieve her of the duty to file the annual report of the corporation. She was not divested of any power to act until the trustee in bankruptcy actually was substituted for the officers and assumed his duties for the benefit of creditors. The director then in office was the one who filed the voluntary petition in bankruptcy and who was in position to file the annual report and should have done so, and upon failure to do so became liable as provided by the statute. It was error, therefore, for the court to enter judgment relieving her of liability, and in that respect the judgment of the trial court is reversed. Because the resignation of the two other directors relieved them of their statutory liability, the judgment as to them is affirmed.

The cause is remanded with directions to enter judgment in favor of plaintiff and against the defendant Lillian E. Noble in the sum of $1000.00, the maximum amount of liability as provided by law.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE HALL concur.