## CITY OF BUFFALO v. GEORGE P. RAY MFG. CO.

(Supreme Court, Special Term, Erie County.   September 27, 1910.)

1. MUNICIPAL CORPORATIONS  (§ 589*)—POLICE POWER—ORDINANCES.

The right to adopt ordinances in the exercise of a city's police power is limited only by the Constitution and statutes, and the reasonableness of the ordinance, without reference to whether it deals with a condition constituting a common-law nuisance or not.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1308, 1319; Dec. Dig. § 589.*]

2. MUNICIPAL CORPORATIONS  (§ .631*) — ORDINANCES — VIOLATIONS — SMOKE ORDINANCE—NUISANCE.

Buffalo City Ordinances, c. 42, § 1, makes it unlawful for any person to permit the discharge of large quantities of smoke, having a natural tendency to cause injury, detriment, or annoyance to any person or persons, or the public, or to endanger the comfort, repose, health, or safety of the public, or detriment to business or property. Held, that a violation of such ordinance did not depend on whether the acts constituted a nuisance at common law, and hence requests to charge that, in order to sustain a verdict for the city, the jury must find that a nuisance existed, and that defendant's use of its premises was unreasonable, were properly refused.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 631.*]

3. MUNICIPAL CORPORATIONS (§ 633*)—AMOUNT—DETERMINATION BY JURY.

Buffalo City Ordinances, c. 42, § 1, prohibits the emission of smoke into the open air, and section 2 declares that a violation thereof shall be punishable by a fine not to exceed $250 for each offense. Held that, where an action was brought by the city to recover a fine for violating such ordinance, the court did not err in permitting the jury to determine the fine under Code Civ. Proc. § 1898, providing that, when a statute gives a pecuniary penalty or forfeiture not exceeding a specified sum, the court, jury, or referee by whom the issues of fact are tried may award plaintiff the whole sum or such a part thereof as he or it deems appropriate to the offense.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 633.*]

4. JUDGMENT (§ 606*)—CONCLUSIVENESS—BAR.

Where a city smoke ordinance (Buffalo City Ordinances, c. 42, §§ 1, 2) provided a penalty for each and every offense, constituting a violation of the ordinance, a judgment finding defendant not guilty of violating the ordinance in 1904 was no bar to an action for violations in 1908.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1120; Dec. Dig. § 606.*]

Appeal from Municipal Court of City of Buffalo.

Action by the City of Buffalo against the George P. Ray Manufacturing Company for violation of a smoke ordinance. Judgment for plaintiff, and defendant appeals. Affirmed.

Lafay C. Wilkie, for appellant.
Frank C. Westphal, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The city of Buffalo brought this action to recover a penalty of $250 for a violation of section 1 of chapter 42 of the Ordinances of the City of Buffalo, which ordinance provides as follows:

"Section 1. It shall not be lawful within the limits of the city of Buffalo for any person or persons, firm or corporation or any servant, agent, or employé of any person, firm or corporation, to permit or allow, or cause to be permitted or allowed, the discharge or escape into the open air of large quantities of smoke, soot, dust, steam or offensive odor, or to permit or allow any smoke, soot, dust, gas, steam or. offensive odor to escape in such manner or in such quantities as to cause or have a natural tendency to cause injury, detriment or annoyance to any person or persons or the public, or to endanger the comfort, repose, health or safety of any person or persons or the public, or in such a manner as to cause or have a natural tendency to cause injury or detriment to business or property.

"Sec. 2. A violation of this ordinance shall be punishable by a fine of not to exceed $250 for each and every offense."

Upon the trial it clearly appeared from the evidence that the defendant had violated the provisions of this ordinance by permitting smoke to exude from its smokestack to the detriment and inconvenience of those living near the factory, and the only questions presented here, aside from those of practice, are raised by the exceptions to the charge of the court below. No exception was taken to any part of the charge as made by the learned court in the first instance, but at the close of the charge counsel for the defendant asked the court to charge that the jury "must find from the facts that a nuisance exists, before they can find the defendant guilty." The court declined to so charge, and said:

"They must say whether under the wording of this ordinance there has been a violation of this ordinance."

This was clearly right; there was no issue of a nuisance in the common-law sense; it was a question of whether the ordinance had been violated. The right to pass ordinances in reference to matters of police presupposes that there may be conditions which would not constitute a common-law nuisance, but which are, nevertheless, inconsistent with the rights of individuals and the public, and the test of an ordinance is not whether there is, in fact, a nuisance, but whether the ordinance is reasonable. If it were necessary to establish the fact of a nuisance to convict one of a violation of an ordinance, then there would be no need of the ordinance, for the maintenance of a nuisance is unlawful at all times, and may be reached without the aid of municipal ordinances. The right to adopt ordinances is limited only by the Constitution and the statutes, and the reasonableness of the same, and if an ordinance regulating a matter of this kind is reasonable, then it does· not matter whether it deals with a condition constituting a common-law nuisance or not, and no citation of authority is necessary upon this point.

Counsel for defendant also requested the court to charge that there "must be an unreasonable use of these premises in order to find a verdict for the plaintiff," and the court declined to so charge. Of course this request involved substantially the same question which was pre-

sented by the first request, and the court in declining to charge as requested said:

"I do not recognize that this is an action of nuisance at all."

And in response to a further request along the same lines the court said:

"I decline to so charge, because this ordinance I am recognizing as valid; I simply say to them, they must determine whether or not from the facts in the case large quantities of smoke are allowed to escape into the open air, as provided in the ordinance."

The reasonableness of the ordinance was not challenged. No one suggested that it was not in harmony with the law, and the only effect of the requests to charge was to read into the ordinance conditions which had not been placed therein by the legislative body creating the ordinance. There is nothing in the case of People v. Sturgis, 121 App. Div. 407, 106 N. Y. Supp. 61, nor in the case of People v. Board of Health of Yonkers, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522, inconsistent with the conclusion here reached. The Sturgis Case was decided upon the ground that the facts proved did not bring it within the terms of the ordinance, while the Yonkers Case simply held that the board of health must assume the responsibility of declaring a condition to constitute a nuisance; that the mere fact of adopting a resolution declaring something a nuisance did not operate to deprive the owner of the right of contesting that question in the courts. Here the defendant had a perfect right to question the validity of the ordinance either because of constitutional, statutory, or common-law objections; but these were not raised by a request to charge that the facts proved must be such as to constitute a common-law nuisance, for that would be to materially change the substance of the ordinance, and this was beyond the power of the court.

We are of the opinion that it was not error to permit the jury to determine the amount of the fine; the ordinance providing that it should not "exceed $250 for each and every offense." As the jury awarded a sum very materially below the maximum figure, it is difficult to understand how the defendant is aggrieved. The case would seem to be one within the provisions of section 1898 of the Code of Civil Procedure (People v. O'Neil, 54 Hun, 610, 8 N. Y. Supp. 123), and the verdict of the jury ought not to be disturbed, especially as this question does not appear to have been raised upon the trial.

The contention of the defendant that it was denied the right to show a prior judgment as a bar to the present action is without merit. The prior judgment was in an action for alleged violations of this same ordinance in 1904, while the action now before us was brought for violations of the ordinance in 1908. The ordinance provides for a penalty "for each and every offense," and an adjudication that the defendant was not guilty of a violation of this ordinance in 1904 has no possible relation to a violation occurring in 1908, and the court very properly refused to countenance such a contention.

We find no difficulty in holding that the court had jurisdiction of the parties through its process, and that the judgment appealed from should be affirmed.