SAMUEL J. STEWART, APPELLANT, V. SILAS R. BARTON, AUDITOR, APPELLEE.

FILED MARCH 26, 1912. No. 17,462.

1. Statutes: CONSTITUTIONALITY: PROVINCE OF COURTS. The courts will not inquire into the motives prompting the enactment of laws by the legislature or the wisdom of the legislative measures adopted.

2. ———: ———. Where an act is passed as original and independent legislation and is complete in itself so far as applies to the subject matter properly embraced within its title, the constitutional provision respecting the manner of amendment and repeal of former statutes has no application.

3. ———: ———. The mere fact that an act of the legislature refers by implication to a prior act does not render the new act

amendatory of the act to which reference is made if in other respects it is a complete act in itself.

4. ――――: ――――: TITLE OF ACT. The title of an act is "An act to appropriate $100,000 for the construction and equipment of a laboratory building on the campus of the Medical College of the University of Nebraska at Omaha under the supervision of the Board of Regents." *Held,* That a provision in the body of the act that "said building shall be known as the 'laboratory build ing' and shall be used for a clinical laboratory and administration and such other purposes as the needs of the medical college shall require" may properly be embraced within the title and does not violate section 11, art. III of the constitution, providing, "No bill shall contain more than one subject, and the same shall be clearly expressed in its title."

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Tibbets & Anderson,* for appellant.

*W. G. Hastings* and *H. H. Baldrige, contra.*

LETTON, J.

The legislature of 1911 passed an act entitled "An act to appropriate $100,000 for the construction and equip- ment of a laboratory building on the campus of the Medi- cal College of the University of Nebraska at Omaha under the supervision of the Board of Regents." Laws 1911, ch. 205. The regents of the university were proceeding to carry out the purposes of the act when this action was begun to enjoin the defendant as Auditor of Public Ac- counts from allowing any claims against the appropria- tion. A demurrer to the petition was sustained by the district court, and the cause dismissed. Plaintiff has ap- pealed.

The plaintiff contends that the act constitutes special legislation; that it violates section 11, art. III of the con- stitution, relating to the amendment and repeal of stat- utes; that the title of the act is restrictive and that the act is broader than the title.

10

1. The petition alleges that the purpose and effect of the act is to appropriate money for the purpose of promoting and establishing an exclusively allopathic school of medicine, and, hence, that it is a special act. We find nothing therein which relates to the establishment of an allopathic school, and there is no direction of any kind to the regents of the university as to whether any particular school, or whether professors or practitioners giving adherence to the tenets or doctrines of any given sect or division of the profession, shall have the privilege of inculcating its peculiar ideas in the building provided for. The whole matter is within the discretion of the board of regents, and if in the use of the building they violate no provision of the constitution or of the statute, no one can complain. While it is alleged that this is the purpose of the act, the allegation is mere surplusage, since it is clearly beyond the power of the court to inquire into the springs of legislative action. With inquiries as to the hidden motives prompting the enactment of laws or the wisdom of legislative measures, the courts can have nothing to do. Moreover, the prohibition against the legislature enacting local or special laws is not general, but is confined to the specific cases mentioned in section 15, art. III of the constitution. It is within its power to legislate upon any subject not therein prohibited (*State v. Moores,* 55 Neb. 480, 489), and we find no prohibition in the clause mentioned against such an act as this.

2. It is next contended that the act is not complete in itself but is amendatory of the general act governing the state university; that the constitutional provision, "No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contain the section or sections so amended, and the section or sections so amended shall be repealed"—is mandatory and must be complied with, and that repeal by implication is not favored by the law. In accordance with the provisions of section 10, art. VIII of the constitution, establishing the University of

Nebraska, and providing for the creation of a Board of
Regents for its government, the legislature in 1869 passed
an act establishing the university, providing for its gov-
ernment, describing the departments into which it might
be divided, setting apart lands for a model farm, specifi-
cally stating the general powers of the board of regents,
providing for funds for the support of the institution, giv-
ing the regents control of the designs and plans for build-
ings for the university, and providing, "The several build-
ings of the university shall all be erected within a radius
of four miles from the state house." Laws 1869, p. 176, sec.
11. Plaintiff contends that the act under consideration
changes and amends the act of 1869 with respect to the
latter and other provisions controlling the erection of
university buildings. *Smails v. White,* 4 Neb. 353, and a
number of early cases in this court taking a rather narrow
view of this constitutional question are cited by the plain-
tiff. We think, however, that the act is complete in itself
and does not transgress these provisions of the funda-
mental law.

The act of 1869, which established the university and
created its governing body, conferred upon that body cer-
tain specified powers and duties, and prescribed certain
limitations. Among the powers granted was the control
of the erection of buildings; among the limitations was
that such buildings should not be erected more than four
miles from the state house. We think it cannot with
reason be contended that the legislature has not the au-
thority to enlarge by a separate and subsequent act the
powers and duties of any officer of its own creation, nor
that it cannot widen or relax by later enactments any
building limitations it may have established. The pro-
visions of the general act limiting the powers of the
regents with regard to the erection of other university
buildings was not interfered with by the new act, but it
conferred additional powers and prescribed a definite loca-
tion for another building; while, in some sense, supple-
mental to the former act, it leaves its general provisions

untouched and therefore is not amendatory in the proper sense. It is true that for the control and management of the medical school reference must be made to the powers given in the general act, but this feature of itself does not operate to make this act amendatory. Where an act is complete within itself, it may be valid even though in conflict with a prior law not referred to in the later act. *State v. Cornell,* 50 Neb. 526; *Affholder v. State,* 51 Neb. 91; *Zimmerman v. Trude,* 80 Neb. 503; *Allan v. Kennard,* 81 Neb. 289; *State v. Ure, ante,* p. 31.

3. It is next argued that the act is broader than its title, in this, that the title of the act is "An Act to appropriate $100,000 for the construction and equipment of a laboratory building," etc. Section 2 provides that "said building shall be known as the 'laboratory building' and shall be used for a clinical laboratory and administration and such other purposes as the needs of the *medical college shall require.*" The argument is made that, since the title is restricted so that it applies to a "laboratory building," it cannot include the broader and more comprehensive provision in section 2 that it shall be used for administration and other purposes, as well as for a laboratory; that at the time of the passage of the act the regents of the university were carrying on the clinical laboratory work of the medical college of the state university at Omaha, and were carrying on the administrative and all other work at the university in Lincoln, and therefore that the public would be deceived by the title as to the object of the bill. We are not inclined to take such a narrow and restricted view. Even if no express words permitting the use of the building for administrative and other purposes connected with the needs of the medical college had been used in the act, we are of opinion that its use for such purposes as are incidental to its main purpose as a clinical laboratory might properly be permitted by the board of regents. It would seem to be an unreasonable construction of such a constitutional provision to hold that, when the legislature authorized the board of regents

to erect a building, it should be compelled to specify in the title of the act and in minute detail each and every purpose for which the building should be used incidental to the main object, at the penalty of having the act declared invalid if this were not done. This would be carrying refinement to excess. *Bonorden & Ranck v. Kriz*, 13 Neb. 121; *Affholder v. State, supra; State v. Stuht*, 52 Neb. 209; *Paxton & Hershey I. C. & L. Co. v. Farmers & Merchants I. & L. Co.*, 45 Neb. 884; *Alperson v. Whalen*, 74 Neb. 680.

The constitutional provisions herein treated of have been recently considered in the opinion in *State v. Ure, supra,* to which we refer, in order to avoid useless repetition as embodying our views at greater length.

Finding no error, the judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.