THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES B. GRUNDSTEIN and Another, Appellants.

First Department, November 7, 1930.

*Harris Jay Griston*, for the appellants.

*Sol Boneparth* of counsel [*Herman J. Fliederblum* with him on the brief; *Charles B. McLaughlin, District Attorney*], for the respondent.

MARTIN, J. The defendants were charged by indictment with entering into an agreement and accepting a sum of money for the grant of the sole privilege of selling and delivering ice to persons occupying an apartment house about to be erected by the defendants, in violation of section 861, subdivision 2, of the Penal Law (as added by Laws of 1917, chap. 702) which subdivision reads as follows: " Any person who shall, directly or indirectly, either as the *owner of such apartment house or tenement*, or as an agent, employee or servant of such owner, *accept any*

*money*, property or thing of value for permitting or giving to any person, or his agents, employees or representatives, the privilege of selling or delivering fuel, ice or food, to the persons occupying such apartment house or tenement, and any person who shall, directly or indirectly, either as a seller of, or dealer in, fuel, ice or food, as an agent, employee, or representative of such seller or dealer, pay or give any money, property or thing of value, for such privilege shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than ten nor more than one hundred dollars, or by imprisonment for not less than thirty days nor more than one year, or by both such fine and imprisonment in the discretion of the court. If a corporation is convicted of a violation of this section, it shall be punished by a fine of not less than fifty nor more than one thousand dollars." (Italics ours.)

The People produced as witnesses Tony Gaylordi, a member of the firm of Gaylordi & Sette, ice dealers, and Sam M. Rosenthal who negotiated the contract on behalf of the ice dealers. The defendants did not take the stand and offered no evidence except the testimony of two character witnesses. Upon conviction the court suspended sentence on condition that the defendants repay to the complaining witnesses the moneys which defendants received.

The defendants are father and son, and in 1928 were engaged in building apartment houses. In that year, through the medium of their corporation, the Grundstein Realty Corporation, they became the owner of a large plot of land in the Bronx, on Stratford and Manor avenues, north of One Hundred and Seventy-fourth street. About that time one Rosenthal met Charles Grundstein, the father, in the register's office, Bronx county, and asked him what he was going to do with the plot. He replied that he was going to construct stores and apartment houses thereon accommodating from 300 to 350 families. Thereupon Rosenthal inquired about the ice privilege or the right to sell ice in the buildings when then were erected and Grundstein said he had not sold it to anybody, whereupon Rosenthal said that he had some friends who might be interested and inquired as to the price. Rosenthal, thereafter, told the father that his friends would be interested and he would close the deal upon the understanding that the ice dealers were to have the exclusive privilege, to which Grundstein, Sr., agreed. Negotiations were had with both defendants and the price finally agreed upon was $2,800, and for that amount the Grundsteins finally agreed to sell this privilege to the friends of Rosenthal. Thereupon, Sydney Grundstein, the son, prepared a printed form of lease.

The lease was signed by C. B. Grundstein, the father, as president

of the Grundstein Realty Corporation, and Rosenthal delivered to Sydney Grundstein his check for $2,000 on account. This was accepted on behalf of both and the check went through the bank and bears the indorsement of Sydney Grundstein. The lease and the check are in evidence. The defendants contend that the lease was valid and not in violation of the law. The People contend that the lease was simply a cover for an illegal transaction.

The appellants proved that no apartment house was ever erected on the lots in question and argue, therefore, that there was no owner or landlord of an apartment house to grant such a privilege.

The People contend that the gravamen of the crime was the acceptance of money. That alone was not sufficient to constitute the crime. There must be an acceptance of money by the owner of an apartment house or tenement, or by his agents, employees or representatives, from a seller of or dealer in fuel, ice or food, or his agents, for such privilege.

The statute fails to provide that the making of such an agreement by a prospective owner of an apartment house or tenement is a crime. We are not permitted to read into it words that will cover a transaction not included therein.

In *People* v. *Shakun* (251 N. Y. 107) the court said: " It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. (*People* v. *Phyfe*, 136 N. Y. 554; *Burks* v. *Bosso*, 180 N. Y. 341.) In *People* v. *Phyfe* the court said: ' The citizen is entitled to an unequivocal warning before conduct on his part, which is not *malum in se*, can be made the occasion of a deprivation of his liberty or property.' "

In *People* v. *Duplan Silk Corp.* (208 App. Div. 435) this court said: " But this defendant has been convicted for the violation of a penal statute. Its liability for criminal offense thereunder entitles it not only to a fair but a strict construction in its favor. (*People* v. *Phyfe*, 136 N. Y. 554, 559; *People* v. *Sturgis*, 121 App. Div. 407; *Gibbs* v. *Arras Bros.*, 222 N. Y. 332; *Hoboken Beef Co.* v. *Hand*, 104 App. Div. 390, 392.) "

If the Legislature intended to make it a crime for a prospective owner of an apartment house or tenement to enter into such a contract and accept money therefor, it should have so stated. It is apparent from an examination of this statute, and the facts proved upon the trial, that this money was not taken by the owner of an apartment house, or tenement, as contemplated therein, for the reason that there was no apartment house or tenement in existence at the time and none has been built upon the land in question

since that time. If those responsible for the enactment of the statute intended to include such a condition as is now before the court, the statute should have so provided.

The judgment of conviction should be reversed, the indictment dismissed and the defendants discharged.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, the indictment dismissed and defendants discharged.