JESSE G. HAWKINS, APPELLANT, v. CITY OF RED CLOUD ET AL., APPELLEES.

FILED JULY 8, 1932.  No. 28182.

*George I. Craven* and *E. G. Caldwell,* for appellant.

*J. S. Gilham* and *Bernard McNeny, contra.*

Heard before Goss, C. J., DEAN, EBERLY, DAY and PAINE, JJ., and DICKSON and TEWELL, District Judges.

DEAN, J.

This is a suit for an injunction to prevent the city of Red Cloud and its officers from enforcing an ordinance which by its terms would prevent plaintiff from installing and operating an "Automatic Coin-in-the-Slot Gasoline Pump" at a gasoline filling station without an attendant. The petition challenges the validity of the ordinance by pleas of prohibition rather than regulation; of uncertainty, discrimination and unreasonableness; of invasion of personal and property rights under the guise of police regulation; of violation of due process clauses of federal and state Constitutions. Details as to the property and investments which plaintiff meant to devote to the sale and delivery of gasoline without an attendant and the ordinance itself are set out at length in the petition. Defendants interposed a demurrer and plaintiff refused to plead further after it was sustained. The suit was dismissed. Plaintiff appealed.

The petition and the ordinance show on their face that the action of the mayor and council was an exercise of police power in the interests of public safety and welfare. The presumption is that the city lawmakers acted with full knowledge of the conditions relating to the subject of the legislation. *State v. Withnell,* 91 Neb. 101. The fire hazard arising from the sale and delivery of gasoline is a well known subject of city regulation. A filling station where gasoline may be procured with no attendant present to prevent delivery while a gasoline motor is run-

ning at close range, or where the driver of an automobile may operate the slot device and fill his gasoline tank while he is smoking, or where children may play with matches or fire when no one is present to protect or warn them, may well be regarded by city lawmakers as a place of public danger subject to a prohibitive ordinance. They determine the necessity for such legislation and their acts are valid, if within police power delegated to them. The following is a rule of general application:

"In the exercise of police power delegated by the state legislature to a city, the municipal legislature, within constitutional limits, is the sole judge as to what laws should be enacted for the welfare of the people, and as to when and how such police power should be exercised." *State v. Withnell,* 91 Neb. 101.

The ownership and use of private property in a city are subject to proper police regulations required by public safety and welfare. *State v. Withnell,* 91 Neb. 101. Such regulations may be valid, though restricting the liberty of citizens in regard to occupations and the ownership and use of property. *Halter v. State,* 74 Neb. 757, 205 U. S. 34. Private property used in a business prohibited by a valid police regulation may be depreciated in value by such legislation without any provision to compensate the owner for his loss. *Mugler v. Kansas,* 123 U. S. 623. If a city ordinance is valid as an exercise of police power, courts will not inquire into the motives of the city council in enacting it. *Stewart v. Barton,* 91 Neb. 96. In view of these well established principles of law and the facts pleaded by plaintiff, the petition fails to show the invalidity of the ordinance assailed. Plaintiff was not entitled to an injunction and the suit was properly dismissed.

AFFIRMED.