LEE RICHARDSON ET AL., APPELLEES, V. WILLIAM J. BRAHAM ET AL., APPELLANTS.

FILED JULY 3, 1933. No. 28719.

E. H. *Evans* and *Urban Simon*, for appellants.

*Halligan, Beatty & Halligan* and *Milton C. Murphy,* contra.

Heard before GOSS, C. J., ROSE, DAY and PAINE, JJ., and BEGLEY, LANDIS and MEYER, District Judges.

ROSE, J.

This is a suit for an injunction to prevent the board of education, the superintendent and the principal of the senior high school in the North Platte district from enforcing the following regulation:

"Be It Resolved, That the senior high school be and is a one-session school with a lunch period of not more than 25 minutes, and that no students be permitted to leave the school grounds between 9 a. m. and 3:05 p. m., except such students as live quite close to the high school building, and whose parents request in writing that they be permitted to go home for lunch."

This regulation was adopted by the school board September 5, 1932, and by its order was enforced for a time by the superintendent and principal of the school. Plaintiffs are parents of pupils.

Prior to the adoption of the regulation, Cora Haffner conducted a cafeteria adjacent to the school grounds and it

was patronized by some of the pupils. For the accommodation of pupils generally, the school district operated a cafeteria in the high school building. A city zoning ordinance prevented other business enterprises near the school grounds which were located a considerable distance from the business district of North Platte.

The principal grounds on which the injunction was sought may be summarized thus: Mismanagement of high school cafeteria; meals not warm; food not properly prepared; denial of requests to permit pupils to leave school grounds for noon lunch; interference with prerogative of parents to prescribe diet and select food for their children; enforcing patronage of high school cafeteria and boycotting Haffner cafeteria; want of power to make the regulation.

The allowance of an injunction was resisted on the grounds that the adoption of the regulation was a proper and valid exercise of administrative power to control the public high school, the high school property and the pupils in the interests of public education, public health, public morals and public welfare generally, while the pupils are under the care and subject to the jurisdiction of the board of education, the superintendent, principal and teachers.

The district court held that the regulation was void and rendered a decree enjoining the enforcement thereof. Defendants appealed.

The validity of the regulation is the question presented by the appeal. Much of the testimony adduced at the trial was directed to the motives of the school directors who adopted the resolution quoted. As a general rule the motives that prompt state lawmakers, city councilmen and members of administrative bodies, such as school boards, in exercising within reasonable limits power committed to them in the interests of the public, are immaterial. Power to act and reasonableness of action are proper tests of the validity of laws, ordinances and regulations. Promptings of politics or partisanship in the enactment of a statute

are not sufficient grounds for judicial interference with an act of the legislature. *State v. Moores,* 55 Neb. 480, 520. Courts do not ordinarily inquire into the motives of a city council in exercising discretionary power. *Enders v. Friday,* 78 Neb. 510. To overturn a city ordinance on the ground that it is unreasonable and arbitrary or that it invades private rights, the evidence of such facts must be clear and satisfactory. *State v. Withnell,* 91 Neb. 101. A regulation by a school board is analogous to an ordinance and is tested by the same general principles. 24 R. C. L. 574, sec. 22. The wisdom or expediency of a rule adopted by a school board and the motive prompting it are not open to judicial inquiry, where it is within the administrative power of that body. 56 C. J. 342.

The power of the school board to adopt rules and regulations was conferred by statute. The legislature had authority to bestow upon that body control and discretion in the owership and use of school property. *Brooks v. Elder,* 108 Neb. 761. The legislature authorized the organization of the school district of North Platte with all the usual powers of a body corporate for public purposes, including the right to hold and control property for school purposes. The school is under the direction and control of the board of education. The school board has power to make rules and regulations, subject to the provisions of the law. Comp. St. 1929, secs. 79-2501, 79-2502, 79-2507. It has been held that parents may make for a child a reasonable selection from a prescribed course of studies. *State v. School District,* 31 Neb. 552; *State v. Ferguson,* 95 Neb. 63. There is also precedent to the effect that a law forbidding the teaching of any modern language, except English, in any private, denominational, parochial or public school, to any child in a class below the eighth grade, is void. *Meyer v. Nebraska,* 262 U. S. 390. During school hours, however, general education and the control of pupils who attend public schools are in the hands of school boards, superintendents, principals and teachers.

This control extends to health, proper surroundings, necessary discipline, promotion of morality and other wholesome influences, while parental authority is temporarily superseded. Cafeterias are recognized adjuncts to public high schools. Some pupils come long distances and cannot return to their homes for noon meals. Resort of pupils to public eating places in business districts of a city beyond both parental care and the control of teachers may mar the work and defeat to some extent the purposes of public education.

The evidence will not sustain a finding that food furnished at the school cafeteria did not conform to proper standards of food or diet for pupils. Children residing near the school grounds were permitted to return to their homes for their noon meals. Other pupils were not prevented from bringing food from home or from eating in the school building. The evidence does not prove that the regulation was unreasonable or arbitrary or harmful as enforced. A lawful regulation in the interests of the public may lessen the profits of private enterprises and decrease the value of property devoted thereto. A zoning ordinance may have that effect. *City of Lincoln v. Foss,* 119 Neb. 666. This doctrine is too well settled to require extended discussion. The cafeteria adjoining the high school grounds, though properly conducted, does not have a vested right to the patronage of high school pupils.

While there may be some diversity of judicial opinion on the subject, the better view seems to be that a board of education having power to make rules and regulations for the conduct and management of public schools may provide for one session daily and forbid pupils to leave the campus during school hours. *Flory v. Smith,* 145 Va. 164, 48 A. L. R. 654; *Christian v. Jones,* 211 Ala. 161, 32 A. L. R. 1340. The regulation under consideration does not go that far but permits pupils residing near the high school to take their noon meal at home. For the reasons stated, plaintiffs did not make a case for an injunction. The

judgment of the district court is reversed and the suit dismissed.

REVERSED AND DISMISSED.