THOMAS ARBUZZESE, Plaintiff, *v.* NORGE REALTY CORPORATION and Others, Defendants.

City Court of New York, New York County, March 27, 1934.

*Emil K. Ellis,* for the plaintiff.

*Nathan A. Markowitz,* for the defendants.

RYAN, J. The plaintiff and defendants entered into an agreement whereby the plaintiff, in consideration of the payment of $2,700 to the defendant Rubinstein, was granted the privilege of selling ice to the tenants of an apartment house on West End avenue, New York city, for the term of ten years. The negotiations leading up to the agreement were opened by plaintiff in March, 1927. On his direct examination he testified that the consideration was paid to said defendant in July of that year, but on cross-examination his testimony was to the effect that the payment was made at the time a lease was delivered to him by the defendants, which bears date November 1, 1927. The complaint alleges the agreement was made on the last-named date. At that time the building was not actually ready for occupancy, but was so ready and did become occupied by tenants within two months thereafter. It is fair to assume, therefore, that at the time the contract was entered into the building was substantially completed. Towards the latter part of December in that same year, or within two months after the money was paid, plaintiff commenced to sell ice to the tenants and continued to do so for two and one-half years thereafter or until defendants installed electrical refrigerators in the premises, causing the plaintiff to be ousted from the privilege granted him under his agreement.

He now sues to recover the money paid for the unexpired term of the agreement, to wit, seven and one-half years at $270 per year, making a total of $2,050.

Plaintiff argues, and quite correctly, that his contract with the defendants could not bind the tenants in the apartment house to purchase ice from him nor was there any compulsion on their part so to do, but that by the contract he was allowed to solicit the tenants as customers. In my opinion the contract comprehended much more than a mere permission to seek purchasers among the tenants. When the plaintiff was willing to and did pay the substantial sum of $2,700 in one payment for the " privilege," as he testified, of selling ice to the occupants of the building for a period of ten years, his intent is plainly discernible in that he expected to obtain the exclusive privilege so to do and from the testimony adduced it is clear he enjoyed such right as hereinabove referred to. The word " privilege " is defined in the Standard Dictionary as " to grant some particular right or favor to; invest with a certain

privilege or immunity; a peculiar benefit, favor or advantage; a right or immunity not enjoyed by all."

Plaintiff contends that the agreement in question does not come within the provisions of section 861 of the Penal Law in effect in 1927. That section provided that " any person who shall, directly or indirectly, either as the owner of such apartment house or tenement, or as an agent * * * accept any money * * * for permitting * * * any person * * * the privilege of selling or delivering fuel, ice or food, to the persons occupying such apartment house or tenement, and any such person who shall * * * pay or give any money * * * for such privilege shall be guilty of a misdemeanor." He argues that the agreement, the subject-matter of this action, related to an apartment house not yet completed but in course of construction, and consequently said agreement was not within the provisions of the statute. The authority cited to sustain his proposition is the case of *People* v. *Grundstein* (230 App. Div. 499). In that case it was shown that at the time the contract was entered into and the money paid over the defendants merely contemplated the erection of an apartment house on the site. It was further proven that the construction of such a building was never commenced and that none had ever been built there. The court properly decided the defendants were not the owners of an apartment house as contemplated by the statute.

In the case at bar a different situation is presented. The proof shows that the house involved here was in existence and substantially completed at the time the contract was entered into and that within two months thereafter became occupied with tenants, to whom plaintiff sold his commodity by virtue of the privilege granted him.

Surely the facts as proven here bring the contract within the spirit if not the letter of the law.

I would conclude, therefore, that no action lies to recover the money paid upon an illegal contract. No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out; nor can he set up a case in which he must necessarily disclose an illegal purpose as the groundwork of his claim. The rule is expressed in the maxim: *In pari delicto potior est conditio defendentis*. The law, in short, will not aid either party to an illegal agreement; it leaves the parties where it finds them. (13 C. J. 492.)

Verdict directed in favor of the defendants. Exception to plaintiff. Ten days stay; thirty days to make a case.